**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| X1 DISCOVERY, INC., Plaintiff, v. MICROSOFT CORPORATION, Defendant. **AND CONSOLIDATED ACTIONS.** | ) | Case No. 8:23-cv-02415-GW-JDEx (Lead Case) Consolidated with: No. 2:23-cv-10672-GW-JDEx No. 2:23-cv-10674-GW-JDEx No. 2:24-cv-04109-GW-JDEx **STIPULATION AND PROPOSED PROTECTIVE ORDER** Judge: Hon. George H. Wu Magistrate Judge: Hon. John D. Early |

Based on the parties' Stipulation and for good cause shown, the Court finds and orders as follows.

**1. PURPOSE AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve computer source code, unreleased and non-public product designs and technical specifications, customer and pricing lists, license and settlement agreements, business and strategic plans, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The Parties further state that this action involves patents directed to computer software, that discovery is expected to require the production of computer source code, and that the disclosure of such material to a competitor's technical or business personnel would cause competitive injury that cannot be undone by later court order. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE**

Section 14.3, below, that this Order does not entitle the parties to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If

documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**4. DEFINITIONS**

**4.1** **Action**: the consolidated actions pending before this Court, comprising *X1 Discovery, Inc. v. Microsoft Corporation*, No. 8:23-cv-02415-GW-JDEx (the "Microsoft Action"); *X1 Discovery, Inc. v. ASUSTeK Computer, Inc., et al.*, No. 2:23-cv-10672-GW-JDEx; *X1 Discovery, Inc. v. Acer, Inc., et al.*, No. 2:23-cv-10674-GW-JDEx; and *X1 Discovery, Inc. v. Dell Technologies, Inc., et al.*, No. 2:24-cv-04109-GW-JDEx (the latter three, collectively, the "OEM Actions"), which were consolidated with the Microsoft Action through the claim construction phase by order entered October 2, 2025 (Dkt. 104). Each reference in this Order to "this Action" includes the Microsoft Action and each OEM Action unless otherwise stated.

**4.2** **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

**4.3** **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**4.4** **"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: Protected Material that a Producing Party reasonably and in good faith believes is so sensitive that its disclosure to another Party's officers, directors, or employees would create a substantial risk of competitive or commercial injury, including without limitation non-public technical information, unreleased product designs and specifications, license and settlement agreements, non-public financial and pricing information, and business or strategic plans.

/ / /

**4.5** **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

**4.6** **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

**4.7** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

**4.8** **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**4.9** **"HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items:** Protected Material that comprises, includes, or discloses Source Code Material.

**4.10** **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**4.11** **Non-Party**: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**4.12** **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

**4.13** **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**4.14 Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**4.15 Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**4.16 Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE." All copies, reproductions, extracts, digests, and complete or partial summaries prepared from Protected Material are also Protected Material and are subject to the same restrictions as the material from which they derive.

**4.17 Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.18 Source Code Material**: computer source code, scripts, assembly code, binaries, and object code. Source Code includes, but is not limited to, programming language text in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor ("DSP"), Hardware Design Language ("HDL"), VHDL, or Verilog programming languages. Source Code further includes the text of any comments associated with any of the foregoing, any files containing any of the foregoing, and all filenames and directory and folder structures in which such files are maintained. Source Code further includes any ".include" files, "make" files, "link" files, and other human-readable text files used in the generation and/or building of firmware or software directly executed on a microprocessor, microcontroller, or DSP, and includes all directory and folder structures in which such files are maintained. Source Code in the form of programming language text shall be made available for inspection in ASCII text files.

/ / /

**5. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order governs Disclosure or Discovery Material produced in any of the consolidated actions, by whichever Party or Non-Party produces it.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

**6. DURATION**

Once a case proceeds to trial, information that constitutes PROTECTED MATERIAL or that was otherwise maintained pursuant to this protective order, and that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial. As these actions are consolidated only through the claim construction phase, this Paragraph applies action by action, and this Order continues to apply in full in any action that has not itself proceeded to trial. This Paragraph does not affect the obligations set forth in Section 15 (Final Disposition), Section 17 (Source Code Review Procedures), and Section 18 (Prosecution Bar), each of which survives the commencement of trial and the final disposition of the action in which the material was produced.

For purposes of this Order, "final disposition" means the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment in that action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time under applicable law.

**7. DESIGNATING PROTECTED MATERIAL**

**7.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Party or Non-Party may designate material for protection under this Order only upon a good faith belief that the material contains confidential or proprietary information or trade secrets of that Party or Non-Party, or of a third party to whom it reasonably believes it owes an obligation of confidentiality. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**7.2 Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material

that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the applicable legend—"CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" (each a "confidentiality legend")—to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the applicable confidentiality legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for documents and electronically stored information produced in native format, that the Producing Party include the applicable confidentiality legend on a slip sheet produced with the native file bearing the production number of that file, or in the accompanying load file, or appended to the file name. When a native file is printed, the Party printing it shall include the corresponding slip sheet or place the

applicable confidentiality legend and the production number on the printed document.

(c) for testimony given in depositions and other pretrial proceedings, that the Designating Party identify the protected testimony on the record at the time the testimony is given, or serve written notice designating some or all of the transcript within fourteen (14) business days after receipt of the transcript (the "fourteen-day notice period"). If no designation is made on the record, all testimony shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the fourteen-day notice period expires. Any Protected Material used at a deposition remains subject to this Order, as do the transcript pages addressing that material, and the court reporter shall be advised of this Order and shall act consistently with it. Each attorney receiving a copy of a designated transcript shall mark the cover page with the applicable confidentiality legend after receiving notice of the designation.

(d) for videotaped depositions, that the original and all copies of the videotape be marked by the video technician to indicate that the contents are subject to this Order and to state the confidentiality level claimed, substantially as follows: "This videotape contains [confidential] testimony used in this case and is not to be viewed, or the contents thereof displayed or revealed, except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties." During the fourteen-day notice period the original and all copies shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(e) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend applicable confidentiality legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

/ / /

**7.3 Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Inadvertent or unintentional production of documents, information or material that has not been designated as "PROTECTED MATERIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Unauthorized or illegal distribution or publication of documents, information, or material without the Producing Party's permission shall not be deemed a waiver, in whole or in part, of a claim for confidential treatment of said unauthorized or illegally distributed or published documents, information, or material. Any Party that inadvertently or unintentionally produces Protected Material without designating it as "PROTECTED MATERIAL" may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon irrespective of any other potential remedies provided in Federal Rule of Civil Procedure 26(b)(5)(B).

**7.4 Timing of Designation Generally.** A designation of Protected Material may be made at any time, including after production, subject to Paragraph 7.1 and to the Receiving Party's right to challenge the designation under Section 8.

**7.5 Material Produced Before Entry of This Order.** Disclosure or Discovery Material produced before entry of this Order bearing a legend that includes the word "Confidential" shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and until the Producing Party designates it under Paragraph

7.2. A Producing Party may designate such material at any time by written notice identifying the material by production number and stating the designation, and the Receiving Party shall thereafter treat the material in accordance with that designation. Nothing in this Paragraph enlarges the protection afforded to material that the Producing Party produced without any confidentiality legend.

## 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**8.1. Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**8.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

**8.3 Joint Stipulation.** Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

**8.4** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

**9.1 Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Protected Material shall not be used for any business or competitive purpose, and shall not be used in connection with any other legal or administrative proceeding, including without limitation any proceeding before the United States Patent and Trademark Office, the Patent Trial and Appeal Board, the United States International Trade

Commission, or any foreign counterpart of those bodies. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**9.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to Paragraph 9.5;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

/ / /

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9.3 Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified in Paragraphs 9.2(a) and 9.2(c) through 9.2(i). Such material shall not be disclosed to the persons identified in Paragraph 9.2(b), including House Counsel.

**9.4 Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL SOURCE CODE" only to: (a) the Receiving Party's Outside Counsel of Record, and employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action; (b) up to four (4) Experts approved under Paragraph 9.5; (c) the court and its personnel; (d) court reporters, videographers, and their staff; (e) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and who may view excerpts of Source Code Material only as part of demonstratives or presentations and may not retain any copies; and (f) Professional Vendors retained to prepare demonstratives or trial graphics to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A. For purposes of the four-Expert limit, an Expert includes that Expert's direct reports and other

support personnel, so that disclosure to an Expert who employs others within his or her firm to assist in the analysis counts as disclosure to a single Expert. Access to and review of Source Code Material is further governed by Section 17.

**9.5 Disclosure to Experts; Objection Procedure.** The following procedure applies before any Expert of a Receiving Party may receive PROTECTED MATERIAL of a Producing Party.

(a) The Receiving Party shall serve on the Producing Party the Expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) together with a current curriculum vitae identifying (1) all of the Expert's past and current employment; (2) the cases in which the Expert has provided a report or testified, including by written testimony, deposition testimony, and live trial testimony within the last six (6) years; (3) the companies by which the Expert has been employed, or to which the Expert has provided consulting services, pertaining to the field of the invention of the patents-in-suit or to the products accused of infringement, within the last four (4) years, with a brief description of the subject matter of each engagement; and (4) the patents and patent applications on which the Expert is named as an inventor within the past five (5) years. If the Expert identifies an unpublished patent application, the Producing Party shall treat that information as "CONFIDENTIAL."

(b) Service shall occur at least five (5) days before PROTECTED MATERIAL is disclosed to the Expert. The Producing Party may serve a written objection to the disclosure within five (5) days after service. If no objection is served within that period, the Receiving Party may disclose PROTECTED MATERIAL to the Expert.

(c) If the Producing Party objects, the Parties shall promptly confer in good faith to resolve the objection. If they cannot resolve it, the objecting Party may move for relief within fifteen (15) days after serving its objection, or within such other time as the Parties agree, and bears the burden of showing why the proposed disclosure should not be permitted. If no motion is filed within that period, the Receiving Party

may disclose PROTECTED MATERIAL to the Expert. No disclosure to the Expert shall occur while an objection remains pending.

(d) A Party does not waive its right to object to an Expert after the objection period has run if new information concerning that Expert is later disclosed or discovered.

**9.6 Litigation Funders.** Funders of litigation are not authorized to receive PROTECTED MATERIAL and shall be denied access to, and copies of, any confidential, proprietary, or commercially sensitive information produced in this Action. The term "funders of litigation" shall be applied broadly and includes any entity or individual engaged in the business of litigation funding, and their employees, counsel, consultants, and other agents, whether foreign or domestic.

**9.7 Common Interest Among Defendants.** Nothing in this Order restricts the disclosure of a Defendant's own Protected Material to the other Defendants or to their common Outside Counsel of Record, or restricts communications among the Defendants and their counsel under a common interest or joint defense agreement. Protected Material of the Plaintiff or of a Non-Party may be disclosed only as permitted by Paragraphs 9.2 through 9.5.

**9.8 Advice to Clients.** Nothing in this Order bars or otherwise restricts any attorney from rendering advice to that attorney's client with respect to this Action and, in the course of rendering advice, referring to or relying generally on the attorney's examination of PROTECTED MATERIAL. In rendering such advice, and in otherwise communicating with the client, the attorney shall not disclose the contents of any PROTECTED MATERIAL produced by another Party or Non-Party if that disclosure would be contrary to the terms of this Order.

**9.9 Exclusion of Persons From Depositions.** Counsel for a Producing Party may exclude from a deposition persons not authorized under this Order to receive the PROTECTED MATERIAL at issue, but only during examination or testimony directed to, or comprising, that PROTECTED MATERIAL.

**10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items that constitute PROTECTED MATERIAL in this Action, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information that constitutes PROTECTED MATERIAL in this Action before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated at any of the confidentiality levels provided by this Order, as further set forth in Section 20. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief

provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

**13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Per Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14. MISCELLANEOUS**

**14.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**14.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.3 Filing Protected Material.** A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**15. FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION). This provision shall not apply to back-ups made and maintained in the ordinary course of business for which destruction or return is impractical or impossible.

**16. VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**17. SOURCE CODE REVIEW PROCEDURES**

The following procedures govern the production, review, and handling of Source Code Material designated "HIGHLY CONFIDENTIAL SOURCE CODE."

They apply to each Producing Party that produces Source Code Material and are in addition to, and do not limit, the restrictions imposed elsewhere in this Order.

(a) The Producing Party shall make its Source Code available for inspection in a separate room in a Producing Party's outside counsel's office, and on a stand-alone, non-networked computer running a reasonably current version of the Microsoft Windows operating systems ("Source Code Computer"). A Receiving Party may also request that the Source Code be made available at another secure facility selected by the Producing Party for convenience of the parties or their experts, which request shall not be unreasonably denied by the Producing Party. The Source Code Computers shall be configured to permit review of the Source Code through a password-protected (or at least equivalently secure) account having read-only access. The Receiving Party may use appropriate software tools on the Source Code Computers, which shall be approved and installed by the Producing Party, including at least one text editor that is capable of printing programming language text of Source Code with page and/or line numbers in either hard-copy or as a PDF, a source code comparison tool, and at least one multi-text file text search tool. Should it be necessary, other tools, which have been approved by the Producing Party, shall be installed by the Producing Party within 3 business days of a request by the Receiving Party. Approval shall not be unreasonably withheld. Licensed copies of other software tools approved by the Producing Party shall be installed on the Source Code Computers by the Producing Party, and paid for by the Receiving Party.

(b) When a Producing Party's Source Code is made available for inspection to one Party, and/or its representatives, said Source Code shall be made available for inspection to each of the other Parties to this case and/or their representatives.

(c) A Receiving Party will provide five (5) business days' notice that it wishes to inspect the Source Code Computers prior to its first inspection. The Receiving Party shall provide two (2) business days' notice prior to any subsequent inspections. The Producing Party shall provide access to the Source Code Computers

during the normal operating hours of the secure facility for review by the Receiving Party, subject to that facility's availability. Proper identification of all authorized persons will be provided prior to any access to the Source Code Computers. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any state of the United States, or by the government of the United States.

(d) The Source Code Computers shall be equipped to print PDF copies of the Source Code so that the Receiving Party can designate the portions of the Source Code for which it would like hard-copy printouts. Printouts shall be limited to no more than fifty (50) continuous pages, and no more than 500 pages in total.

(e) Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within seven (7) days of any request by the Receiving Party. Counsel of Record for the Receiving Party may request up to 5 copies of each original printout of the Source Code. All printed Source Code shall be logged by the Receiving Party as noted in paragraph 26(m) below. If necessary, the Receiving Party may request to print additional pages of Source Code in excess of the printing limitations noted above, which the Producing Party shall not unreasonably deny. However, the Receiving Party shall not print unreviewed Source Code to review such Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by such actions. No additional electronic copies of the Source Code shall be provided by the Producing Party. Except solely as permitted in paragraph 26(j), hard copies of the Source Code may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. Only printouts of Source Code may be made, and such printouts, where made of programming language text, must include (1) directory path information and filenames from which the programming language text was

printed and (2) line numbers. The Producing Party may refuse to provide copies of Source Code printouts that fail to comply with this section.

(f) The Receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, external drives, or other hardware into the secure room. Nor shall any cellular telephones, cameras, voice recorders, or other devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

(g) Any printouts of Source Code provided by the Producing Party may only be transported via hand delivery by persons allowed to access the Source Code under this Protective Order (and their support staff) or (b) via a secure, tracked overnight courier service (e.g., FedEx) in a sealed, tamper-evident package addressed to Outside Counsel of Record for the Receiving Party with a signature requirement upon receipt (e.g., FedEx Direct Signature Required (DSR)).

(h) If any individual inspecting Source Code seeks to take handwritten notes, all such notes will be taken on bound (spiral or other type of permanents bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room. Any notes related to the source code shall be designated "HIGHLY CONFIDENTIAL SOURCE CODE." Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notebooks, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(i) The Producing Party is permitted to visually monitor the activities of the Receiving Party's representatives during any review, but only to ensure that the representatives are complying with the terms of this Protective Order. The Producing

Party shall not interfere with the review by the Receiving Party's representatives.

(j) If Source Code is quoted or set forth in a confidential pleading, infringement contention, expert report, or demonstrative, the Party including the Source Code will limit the amount of such Source Code to what is reasonably necessary for the party to make its point. Absent the Producing Party's consent (which will not be unreasonably withheld), an excerpt of programming language text will not exceed twenty (20) continuous lines of code.

(k) The Producing Party will not provide electronic copies of its Source Code for depositions.

(l) A Party that wants to use any printouts of a Producing Party's Source Code at a deposition or at a hearing may use existing copies, but may not make additional copies. If a Party needs additional source code printouts, it must provide the Producing Party with seven (7) calendar days' advance notice of its need for printed copies and identify the required pages by production number. The Producing Party will then supply additional copies. At the conclusion of the deposition or hearing, the copies will be returned to the Producing Party or destroyed (and certified as such). Copies will not be attached to any deposition transcripts. Any copies prepared for use at a hearing that are not admitted into evidence shall be returned to the Producing Party or destroyed. The entire transcript of any deposition at which Source Code is disclosed will be treated as designated HIGHLY CONFIDENTIAL SOURCE CODE for thirty (30) days after the transcript has been provided to the Producing Party for review. During that period, the Producing Party or any Party may designate any portion of the deposition transcript as "HIGHLY CONFIDENTIAL SOURCE CODE" by giving written notice to the reporter and all parties. Any portions that the Producing Party does not designate during that 30-day period will then be treated as PROTECTED MATERIAL. The court reporter shall separately bind and label transcript pages that any party designates as "HIGHLY CONFIDENTIAL SOURCE CODE."

(m) Counsel of Record will maintain the delivered copy sets of the Source Code in a locked location at the office(s) of Counsel of Record to which they were delivered and where they will not be accessible to persons other than those allowed to access the Source Code under this Protective Order. In addition to other reasonable steps to maintain the security and confidentiality of the Source Code, printed copies of the Source Code maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed.

The Receiving Party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the Source Code is provided and when it was provided to that person. In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from designated material are also designated material and are subject to the same restrictions as the material from which they derive.

**18. PROSECUTION AND DEVELOPMENT BAR**

**18.1 Prosecution Bar.** Individuals associated with a Receiving Party (i.e., outside counsel and technical experts) who personally review any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Protected Materials are prohibited from participating in the preparation or prosecution of any patent or patent application or from drafting or revising a patent claim related to the subject matter of the technical Protected Material reviewed, from the time of receipt of such material through the date they cease to have access to any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Protected Materials and for a period of two (2) years after last access. This prosecution bar does not prevent

an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceeding involving the patents-at-issue, or any patents related to the particular confidential information disclosed in the designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Protected Materials, except that the individual is prohibited from participating directly or indirectly in the drafting of any claim or amendment to any claim in any such proceedings.

**18.2 Development Bar.** Technical experts for a Receiving Party who personally review any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Protected Materials must agree not to perform hardware, software, or product development work for commercial purposes that is related to the particular confidential information disclosed in the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Protected Materials from the time of receipt of such material through the date they cease to have access to any designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Protected Materials.

**18.3 Commencement.** The Prosecution and Development Bar in this Section begins to run as to each affected individual when that individual first receives "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Protected Materials.

**19. EXPORT CONTROL AND DATA HANDLING**

**19.1 Export Control.** Disclosure of Protected Material is subject to all applicable laws and regulations relating to the export of technical data contained in that Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each Party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See*, *e.g.*, 15 C.F.R. § 734. No Protected Material may leave the territorial boundaries of

the United States of America, or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) a protected individual under the Immigration and Nationality Act, 8 U.S.C. § 1324b(a)(3). This prohibition extends, without limitation, to Protected Material and all copies in both physical and electronic form, and to the viewing of Protected Material through electronic means from outside the territorial limits of the United States of America. Notwithstanding this prohibition, Protected Material other than material designated "HIGHLY CONFIDENTIAL SOURCE CODE" may, to the extent otherwise permitted by law, be taken outside the territorial limits of the United States if reasonably necessary for a deposition taken in a foreign country. The restrictions in this Paragraph may be modified with the written consent of the Producing Party to the extent the agreed procedures conform to applicable export control laws and regulations.

**19.2 Machine Translation and Online Services.** Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party who receives another Party's PROTECTED MATERIAL shall not enter any information from that PROTECTED MATERIAL into a publicly accessible machine translation service, generative artificial intelligence service, or other online service that may result in the information becoming available to unauthorized persons except as permitted by Paragraph 19.4. A Receiving Party may, however, engage reputable professional vendors, including translation vendors, to translate or otherwise process information from another Party's PROTECTED MATERIAL, with the understanding that such vendors may use secure tools—that is, offline proprietary software that runs locally on the vendor's computers, or proprietary software that uses private cloud-based technology—that immediately delete all data upon completion of the work. The deletion obligation applies to the secure tools and to any intermediate data created in the course of the work. A Receiving Party that engages such a vendor is responsible for reporting to the Producing Party any breach

or loss of the Producing Party's data by that vendor immediately upon becoming aware of it, and shall use reasonable efforts to remediate the breach or loss as soon as possible.

**19.3 Loss or Breach.** In addition to the obligations in Section 12, if a Receiving Party or any person authorized to access Protected Material under this Order (an "Authorized Recipient") discovers any loss of Protected Material, or any breach of security including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or Authorized Recipient shall (1) promptly stop the breach; (2) provide written notice to the Designating Party within seventy-two (72) hours, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

**19.4 Artificial Intelligence.** Notwithstanding anything to the contrary herein, the Parties agree that they may utilize artificial intelligence ("AI") tools in connection with the review, analysis, and management of any Discovery Material in connection with this action, subject to the restrictions herein. A Party may upload Discovery Material or input information from Discovery Material to a closed (i.e., owned or licensed or not otherwise available to the general public) Generative AI tool (i.e., a tool that leverages complex algorithms to generate human-like text, images, code, and other content) ("Generative AI") that is industry-standard, vetted and approved to the extent that: (1) the AI tool is operated in a manner that maintains the confidentiality in accordance with this Order and any ESI order(s); (2) the AI tool and any associated service provider shall not use, access, or retain the substance of a prompt or contents of any Discovery Material for any purpose other than to provide the contracted services to the party; (3) the AI tool shall not use the substance of a prompt or the contents of any Discovery Material to train open or non-closed AI

models or for any other purpose unrelated to this litigation; (4) the use of the AI tool shall not result in disclosure Discovery Material to any person or entity not otherwise authorized to receive such material under this Order (other than subprocessors of such AI tools where such subprocessors do not retain such material other than ephemerally during subprocessing); and (5) the AI tool is capable of purging, deleting, and/or destroying any Discovery Material. Uploading any Discovery Material or inputting data from Discovery Material to a closed Generative AI tool that is not compliant with the requirements set forth above constitutes an unauthorized disclosure under this Order. Uploading any Discovery Material or inputting data from Discovery Material to any open Generative AI tool that is available to the public (e.g., ChatGPT), or any substantially similar tool, constitutes an unauthorized disclosure under this Order.

**20. NON-PARTY DESIGNATIONS**

**20.1 Non-Party Right to Designate.** A Non-Party from whom discovery is sought in this Action, and who contends that the discovery sought involves its trade secrets, confidential business information, or other proprietary information, may designate its documents, information, or other material for protection under this Order at any of the confidentiality levels this Order provides, by agreeing in writing to be bound by this Order. A Non-Party that does so has the rights and obligations of a Designating Party with respect to the material it designates.

**20.2 Timing; Interim Treatment.** A Non-Party shall have ten (10) days after producing documents, information, or other material to make a designation under this Order. Until that period lapses or the Non-Party makes a designation, whichever occurs sooner, all documents, information, and material so produced shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

/ / /

/ / /

/ / /

**20.3 Additional Protection.** Nothing in this Section limits a Non-Party's ability to seek additional protection as provided in Paragraph 11(a).

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: October 15, 2026

JOHN D. EARLY
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| X1 DISCOVERY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant.<br><br>**AND CONSOLIDATED ACTIONS** | Case No. 8:23-cv-02415-GW-JDEx<br>(Lead Case) Consolidated with:<br>No. 2:23-cv-10672-GW-JDEx<br>No. 2:23-cv-10674-GW-JDEx<br>No. 2:24-cv-04109-GW-JDEx<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

I, ______________________________ [print or type full name], of ______________________________ [print or type full address], declare under penalty of perjury that:

1. My current employer is ______________________________ and my current occupation is ______________________________.

2. I have read in its entirety and understand the Stipulated Protective Order entered by the United States District Court for the Central District of California in *X1 Discovery, Inc. v. Microsoft Corporation*, No. 8:23-cv-02415-GW-JDEx, and in the actions consolidated with it (collectively, the "Stipulated Protective Order").

3. I agree to comply with and to be bound by all of the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.

4. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of that Order. I will hold in

confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this Action, any information or item designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that is disclosed to me.

5. Promptly upon termination of this Action, I will return all documents and things designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating to them, to the Outside Counsel of Record for the party by whom or on whose behalf I am retained or employed.

6. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

7. I hereby appoint ________________________________ [print or type full name] of ________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of the Stipulated Protective Order.

Date: ________________________________

City and State where sworn and signed: ________________________________

Printed name: ________________________________

Signature: ________________________________

**ATTESTATION**

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Natasha E. Daughtrey*
Natasha E. Daughtrey